United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 24, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-21168
Summary Calendar

_____

KENNETH BRUCE PERKINS,

Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
4:02-CV-2235
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Kenneth Bruce Perkins was convicted in

state court of four counts of aggravated sexual assault involving

two of his minor grandchildren and was sentenced to serve 30 years

in prison. Perkins filed a 28 U.S.C. § 2254 habeas corpus petition

to challenge this conviction, and he now appeals the magistrate

judge's dismissal of that petition. Perkins contends that the

magistrate judge erred in (1) concluding that he had not rebutted

the state court's factual findings by clear and convincing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence, and (2) denying relief on his claim that counsel rendered ineffective assistance for failing to procure and use evidence related to suggestive questioning of children.

When considering a district court's ruling on a § 2254 petition, we review that court's findings of fact for clear error and its conclusions of law de novo. Collier v. Cockrell, 300 F.3d 577, 582 (5th Cir. 2002). Perkins cites to several articles and affidavits in support of his argument that he has rebutted the state court's factual findings by clear and convincing evidence. A few of these documents do rebut the state court's finding concerning whether particular research was available at the time of trial. Nevertheless, it is not clear that Perkins has met the clear and convincing evidence standard as to this particular finding. There is no need, however, to settle this issue definitively, for even if we assume arguendo that Perkins has rebutted one of the state court's findings by clear and convincing evidence, he still is not entitled to relief. He has neither rebutted the remainder of the state court's findings nor shown that he should prevail on his ineffective assistance claim.

Perkins contends that counsel rendered ineffective assistance for not procuring evidence pertaining to suggestive questioning of children and using that evidence at trial. To obtain relief based on ineffective assistance of counsel, a habeas petitioner must demonstrate both that his attorney's performance was deficient and

that his deficient performance prejudiced the defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).

As the state courts denied Perkins's ineffective assistance claims on their merits, the deferential standard of review found in 28 U.S.C. § 2254(d) guides our consideration of this issue. <u>See Barrientes v. Johnson</u>, 221 F.3d 741, 779-80 (5th Cir. 2000). Under that standard, Perkins is not entitled to relief on his ineffective assistance claim unless he shows that the state court's rejection was contrary to, or involved an unreasonable application of, federal law as determined by the Supreme Court. <u>See Hill v. Johnson</u>, 210 F.3d 481, 485 (5th Cir. 2000); § 2254(d)(1).

A state court decision is contrary to clearly established federal law if it "applies a rule that contradicts the governing law set forth" in Supreme Court cases or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Court] and nevertheless arrives at a result different from [the Court's] precedent." <u>Williams v. Taylor</u>, 529 U.S. 362, 405-06 (2000). A state court decision involves an unreasonable application of clearly established federal law if the state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." <u>Id.</u> at 407-08.

Perkins has not shown that the state court's rejection of his ineffective assistance claim was contrary to federal law. There is no indication in the record that the state court's rejection of

3

this claim involved the application of a rule that was contrary to one announced by the Court or that this case was factually similar to a case considered by the Court. Accordingly, the state court's rejection of this claim was not contrary to clearly established federal law. See Williams, 529 U.S. at 405-06.

Neither is the state court's rejection of Perkins's claim of ineffective assistance of counsel unreasonable. The record shows that counsel vigorously defended Perkins at trial, expressly referring to the allegedly improper questioning of the victims during cross-examination of several witnesses. Counsel called several defense witnesses, one of whom testified about the allegedly improper techniques used to interview the victims. To the extent that Perkins is arguing that counsel rendered ineffective assistance for failure to present enough evidence relating to improper questioning of the victims, this argument is insufficient to show that counsel rendered ineffective assistance. See Dowthitt v. Johnson, 230 F.3d 733, 743 (5th Cir. 2000).

Perkins has shown no reviewable error in the magistrate judge's rulings. Accordingly, the judgment of the district court is, in all respects,

AFFIRMED.

I:\AIMS\FORMS\03\03-21168\5087929\03-21168.0.wpd
2/24/05 9:29 am

4